## HODGE v. DENT et al.

Judgment: APPARENT LIEN : PRIOR SALE BY JUDGMENT DEBTOR : BURDEN OF PROOF. Where a judgment appears of record to be a lien on land which stands of record in the name of the judgment debtor, a purchaser from the judgment debtor, who seeks to avoid the lien on the ground that he purchased prior to the rendition of the judgment, has the burden to prove that claim.

*Appeal from Plymouth District Court.*—HON. C. H. LEWIS, Judge.

FILED, MAY 31, 1890.

THIS is an action in equity, by which the plaintiff, as assignee of a corporation known as the St. Paul Harvester Works, seeks to redeem certain land from a sheriff's sale. An answer was filed, and an issue made up, and the cause was tried upon its merits, and a decree was entered for the plaintiff. Defendants appeal.

*Argo & McDuffie* and *Barrett & Callvert*, for appellants.

*W. S. Palmer*, for appellee.

ROTHROCK, C. J.—On the first day of January, 1876, Abram Delong was the owner of a quarter section of land in Sioux county. On that day he executed a mortgage on said land to A. B. Nash and S. W. Duncan. On the fifth day of January, 1877, the St. Paul Harvester Works obtained a judgment by confession against Delong in the circuit court of Sioux county. This judgment was assigned by the harvester works company to the plaintiff. On the tenth day of January, 1877, A. B. Nash, the owner of the mortgage above mentioned, commenced an action in the circuit court of Sioux county to foreclose the same ; and on the twenty-ninth

day of that month a judgment was rendered against Delong for the amount due, and a decree of foreclosure was entered. Special execution was issued, and the land was sold at sheriff's sale to Nash, the mortgagee. The sale was made on the twenty-fourth day of March, 1877, with the right of redemption. On the nineteenth day of March, 1878, Nash assigned the sheriff's certificate of sale to the defendant W. H. Dent, and on the twenty-fifth day of that month the sheriff executed a deed to Dent in pursuance of the sale. Afterwards, Dent conveyed the land by deed of general warranty to the defendant Hildebrand, and he afterwards conveyed to defendant Dixon. The evidence shows that there was a prior mortgage upon the land to one Calkins, which the defendant Dent afterwards paid.

It will be observed, by an examination of the date of the above transactions that the judgment of the harvester works against Delong was rendered before the suit for foreclosure was commenced, and that, upon the face of the record, it was a lien on the land prior to the mortgage. The harvester works was not made a party to the foreclosure suit; and, so far as appears from the record, its assignee has the right to redeem. There is no dispute in regard to this proposition. But the defendant Dent claims that he purchased the land from Delong before the judgment was rendered, and that, therefore, the judgment did not attach to the land as a lien. This is the only material question in dispute between the parties. It is stated by counsel for appellants as follows: "Was the land in controversy sold by Delong to Dent prior to January 5, 1877, or was it sold after that date?" The record evidence established the fact that the judgment was a lien on the land, and that it so continued to the commencement of the suit. The burden was, therefore, on the defendants to prove by competent evidence that a sale of the land was made by Delong to Dent before the judgment was rendered. It was sought to establish this fact by parol evidence. The district court failed to find the proof necessary to

defeat the right to redeem. A careful consideration of the evidence has led us to the same conclusion. We need not set out the testimony of the witnesses. It is enough to say that we are well satisfied that the decree of the district court is in accord with the decided weight of the evidence.　　　　　　　　　　　　AFFIRMED.